■ MORRIS T. HACK, Appellant, v. 453–55 BROOME ST. CORP., Respondent. — The elevator on the Mercer Street side of respondent's tenant-factory building had two entrances at the main floor, one from a vestibule leading from the street, and one from the premises of appellant's employer, a tenant in the building. The elevator was operated by respondent's superintendent between the hours of 8:00 A.M. and 12:00 noon, and from 2:00 P.M. to 5:00 P.M. every working day. It was not operated between 12:00 noon and 2:00 P.M. There was another elevator on the Broome Street side of the building, which was operated all day without intermission. At 12:00 noon on the day of the accident, respondent's superintendent brought the elevator on the Mercer Street side of the building to the first floor, put out the light in the cab, locked, with a key, the door leading to the car, put out the light in the vestibule leading from the street, locked, with a key, the outside street door, and gave the keys to appellant, who was standing on the sidewalk in connection with the duties of his employment. At about 1:00 P.M., appellant unlocked the outside street door with a key, walked in the dark vestibule to the elevator door, felt for the string to put on the electric bulb immediately over the elevator door but could not find it, unlocked, with a key, the door to the elevator, intending to put on the light in the elevator, and walked into the shaft, only to fall to the bottom of the pit because the elevator was not there. In this action to recover damages for personal injuries, the appeal is from a judgment entered on a verdict in favor of respondent. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ.